United States District Court
Southern District of Texas
**ENTERED**
June 02, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Criminal No. 4:24-CR-478** |
| | § | |
| **SHELDON DOUNN,** | § | |
| | § | |
| | § | |
| **Defendant.** | | |

## DISCOVERY PROTECTIVE ORDER

Before the Court is the United States' motion for a protective order limiting the disclosure of discovery materials. The Court finds that good cause has been established to restrict disclosure and handling of discovery in this case and that the proposed protective order is a reasonable measure that protects the rights of the defendant, the public, and witnesses involved in this case.

**IT IS ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** that without the consent of the United States or approval from the Court, the discovery and information therein may only be used in connection with the litigation of this case and for no other purpose.

**IT IS FURTHER ORDERED** that without authorization of the Court, the discovery made available by the United States to the Defendant and his attorney of record is not to be disclosed or disseminated to anyone other than the Defendant; defense counsel; potential defense witnesses; and members of the defense team, including defense investigators, paralegals, expert witnesses, and other individuals as necessary for preparing and presenting the defense in this matter.

**IT IS FURTHER ORDERED** that the Defendant will be permitted to view discovery that contains unredacted personal health and identifying information of individuals who are not

parties to the case, personal financial information, sensitive information related to the identities of confidential human sources, references to witnesses and unindicted individuals or entities, and information concerning ongoing investigations (collectively, "Sensitive Discovery") only in the presence of his attorney of record, defense investigators, and the staff of his attorney.  Copies of Sensitive Discovery shall not be disseminated to, or by, the Defendant.

**IT IS FURTHER ORDERED** that prior to disclosing and/or disseminating discovery provided by the United States to any person, defense counsel shall ensure that such person has received a copy of this Protective Order and has provided a written acknowledgement that the individual is bound by the terms and conditions of this Protective Order. The written acknowledgement need not be disclosed or produced to the United States unless ordered to do so by the Court.

**IT IS FURTHER ORDERED** that if the Defendant seek to use or attach material provided in discovery by the United States in any court filing, at trial, or in another hearing in this matter, any filings shall comply with Rule 49.1 of the Federal Rules of Criminal Procedure and the electronic filing policies and procedures of the United States District Court for the Southern District of Texas.

**IT IS FURTHER ORDERED** that any filing that contains the names of confidential sources and undercover agents shall be filed under seal and shall remain sealed until otherwise ordered by this Court.

**IT IS FURTHER ORDERED** that no later than five years after the close of this case, defense counsel shall return the Sensitive Discovery to the Department of Justice, Criminal Division, Fraud Section, or otherwise certify that the material has been destroyed.

**IT IS FURTHER ORDERED** that if Defendant substitutes counsel, defense counsel

agrees to withhold discovery from new counsel unless and until substituted counsel agrees also to be bound by the Protective Order.

      **IT IS FURTHER ORDERED** that the Protective Order does not limit employees of the Department of Justice from disclosing discovery to members of the Department of Justice, United States Attorney's Office, enforcement agencies, the Court, and defense counsel as necessary to comply with the government's discovery obligations.

      **IT IS FURTHER ORDERED** that any person who willfully violates this order may be held in contempt of court and may be subject to monetary or other sanctions as deemed appropriate by this Court.

      SIGNED on __June 2_____, 2025, at Houston, Texas.

George C. Hanks, Jr.
United States District Judge